[L. A. No. 1118.   Department One.—February 12, 1904.]

# E. P. JUSTICE, Appellant, v. F. M. ROBINSON, Tax-Collector, etc., Respondent.

ACTION TO RECOVER TAXES PAID—FATALLY DEFECTIVE PROTEST—INSUFFICIENT COMPLAINT—AMENDMENT—DISMISSAL OF ACTION.—In an action to recover taxes paid, where the complaint was radically defective, and not amendable so as to state a cause of action, by reason of a fatal defect in the notice of protest made part thereof, the court properly refused to admit the notice of protest in evidence, and dismissed the action, and the plaintiff could not have been prejudiced in not allowing him leave to amend the complaint, for which he did not ask, and which could not have benefited him.

ID.—TAXES IN DRAINAGE DISTRICT—PROTEST—COMMON-LAW RULE—VOLUNTARY PAYMENT.—The Drainage Act of 1897 did not adopt the Political Code in reference to the collection of taxes, and did not provide that a payment of taxes in a drainage district under protest should be regarded as voluntary; and the general common-law rule as to the payment of taxes under protest, in the absence of statutory provision, applies to such payment. Where the notice of protest merely assailed the legality of the drainage district and the validity of the assessment and levy of the tax, and did not show any acts amounting to duress or coercion, it is insufficient to divest the payment of its voluntary character; and one who is deemed to have made such voluntary payment has no right of action to recover the same.

APPEAL from a judgment of the Superior Court of Orange County.   J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

McKelvey & Bowes, for Appellant.

Victor Montgomery, for Respondent.

VAN DYKE, J.—The action was brought to recover back taxes paid to the defendant, a tax-collector of Orange County, and *ex officio* tax-collector of Bolsa Drainage District, under protest.   The defendant's demurrer to the complaint was overruled, and thereupon an answer was served and filed. Upon motion by plaintiff certain defenses set up in the answer were stricken out by the court.   Thereafter the case was set for trial, and the parties appearing in court, and a jury

being waived, the plaintiff was called as a witness, where-
upon defendant objected to the introduction of any evidence,
on the ground that the complaint did not state facts sufficient
to constitute a cause of action. The court sustained the ob-
jection of the defendant, and thereupon dismissed the action.
The appeal is taken from the judgment entered upon the dis-
missal.

Appellant claims that it was error upon the part of the
court to dismiss the action as stated, without a formal motion
being made for that purpose, contending that the plaintiff
could have met such motion by asking leave to amend its
complaint. But the plaintiff was present in court by coun-
sel, and had an opportunity then and there to ask such leave,
and failed to do so, simply reserving an exception to the
ruling of the court. Besides, no possible benefit could have
been derived by the plaintiff if the cause had been left pend-
ing in the court after the refusal to hear evidence in the case.
It is quite true, as suggested by the appellant, that the objec-
tion to the introduction of evidence raised practically the
same question which had been decided by the court in over-
ruling the demurrer. Still, the court upon further considera-
tion of the case may have arrived at the conclusion, and
probably did, that the complaint was fatally defective, and
that the demurrer should have been sustained instead of being
overruled. The complaint, however, could not have been
amended so as to state a cause of action, for the reason that
the notice of protest itself was fatally defective, and that, of
course, could not be amended. The plaintiff, therefore, was
not prejudiced in not being allowed leave to amend. In the
notice of protest attached to and made a part of the com-
plaint, it is stated that the Bolsa Drainage District was not
legally formed; that the assessment was not made by duly
elected and qualified assessment commissioners; that they did
not make any assessment of plaintiff's land and return the
same to the board of directors; that no certified assessment-
rolls had ever been returned to the tax-collector of any assess-
ment in said district; and that the tax was wholly void and
levied contrary to law.

The general rule in reference to the payment of taxes under
protest, where not controlled by some statutory provision, is,
that in the absence of acts amounting to duress or coercion

the payment is deemed to be voluntary, and a mere protest made at the time of such payment does not divest it of its voluntary character. Where there is no legal compulsion, the legal effect of the payment is not impaired by protest. (*McMillan* v. *Richards,* 9 Cal. 417;[1] *Bucknall* v. *Story,* 46 Cal. 597;[2] *Bank of Woodland* v. *Webber,* 52 Cal. 73; *Wills* v. *Austin,* 53 Cal. 152; *Dean* v. *Varnum,* 80 Cal. 86.) Therefore, according to the statement in the notice of protest, the plaintiff was under no legal compulsion whatever to pay said taxes, and the payment, in law, was made voluntarily upon his part, and he has no right of action to recover the same. The amendment to the Political Code of 1893 (sec. 3819), providing that a payment of taxes under protest shall not be regarded as voluntary, applies to the collection of state and county taxes only. It provides that in case suit be brought for the recovery of taxes so paid, and judgment is recovered, it "shall be entered against such county therefor," and in case such tax or portion thereof may have been paid by the county treasurer into the state treasury it "shall be regarded as an amount due the county from the state, and shall be deducted in the next settlement had by the county with the controller." The Drainage Act of 1897 (Stats. 1897, p. 334), under which this case arose, does not contain any such provision, nor did it adopt the Political Code in reference to the assessment and collection of state and county taxes; and the rule as at common law applies in this case.

Judgment affirmed.

Angellotti, J., and Shaw, J., concurred.

[1] 70 Am. Dec. 655, and note.          [2] 13 Am. Rep. 220.