[Civ. No. 1856. Second Appellate District, Division One.—March 28, 1919.]

HOME TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), et al., Appellants.

[1] Taxation — Legal Coercion — Payment Under Protest — Recovery.—It is not essential to a recovery of a public tax that the person from whom payment thereof is demanded be threatened with actual imprisonment or threatened with the penalty of having his right to do business taken away. There may be penalties which

fall perhaps short of this mark to avoid which the person paying may protect himself by protest.

[2] ID.—VOID MUNICIPAL ORDINANCE — THREATENED ENFORCEMENT OF PENALTIES.—Payment under protest of license fees exacted under a void municipal ordinance may not be considered as voluntary where such ordinance provided not only for delinquency penalties, but also for the arrest of those who violated any of the provisions of the ordinance, with a possible fine and imprisonment, and the enforcement of the "penalties" of the ordinance was threatened if the fees were not paid.

[3] ID.—SUFFICIENCY OF NOTICE OF PROTEST.—Where such ordinance was in violation of the state constitution as amended, and the secretary of the plaintiff corporation had discussed with the license collector the effect of the amendment, and had claimed that under the amendment the plaintiff corporation should not be required to pay the tax, its written notice of protest filed at the time of the making of the license tax payments was sufficient, where such notice advised the license collector that the plaintiff corporation considered the ordinance void, and stated further that the ordinance was in violation of the constitution of the United States and of the fourteenth amendment thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Appellants.

John E. Biby for Respondent.

JAMES, J.—This appeal is taken by the defendant city of Los Angeles and certain of its officers from a judgment entered in favor of the plaintiff. The judgment was for the return of certain fees paid as a license for the conducting of a telephone business within the city of Los Angeles. It was admitted that under an amendment to the constitution of the state, adopted in November, 1910 (sec. 14, art. XIII), the municipality had no power to exact a license tax from the plaintiff, and that its ordinance attempting so to do was void. The ordinance under which the claim for license tax was made against the plaintiff provided that telephone companies should pay a license tax monthly; that any tax remaining unpaid for

a period of ten days should have added a penalty of ten per cent; that "any person, firm, or corporation" violating any of the provisions of the ordinance should be deemed guilty of a misdemeanor, and upon conviction thereof shall be punishable by a fine of not less than five dollars nor more than two hundred dollars, or by imprisonment in the city jail for a period of not more than one hundred days, or by both such fine and imprisonment; and that "each such person, firm, or corporation shall be deemed guilty of a separate offense for every day during any portion of which any violation of any provision of this ordinance is committed, continued or permitted. . . . " There was testimony heard by the trial judge on behalf of the plaintiff showing that the secretary of the latter had had interviews with the tax and license collector, whose duty it was to enforce the terms of the license ordinance, and that it was orally called to the attention of the collector during these conversations that the constitution had been amended, and the officer of the plaintiff inquired if the city attorney had not advised them regarding the noncollection of the license tax, and that the tax collector had answered, "No"—that "they were going right ahead with the operation of it, and that we would have to pay up or they would have to enforce the penalties." Further conversation was had to the same effect, the tax collector's office insisting upon payment of the tax; whereupon the tax was paid by the plaintiff, the payments being accompanied by a written notice of protest. The secretary of the plaintiff corporation testified that he feared proceedings of arrest if payment was not made. He testified further: "My recollection was that in the interview that we had in the tax and license collector's office, the general statement was made, 'You know the provisions of the ordinance, and if you fail to comply with them you or somebody will have to be arrested under the provisions of the ordinance.' And practically every time we paid afterward there was an argument because we did not think it was a proper charge to be made, and thought it was illegally made. While I can't point to specific instances, I might say that we practically had an argument every time the payment was made right from January on, and even back of that."

Appellants raise several points in support of their claim that the judgment entered cannot be sustained. The principal one of these contentions is that the payments must be considered as

voluntary, as no acts were committed on behalf of the city such as would amount to legal coercion. Under the provisions of the ordinance, which have already been noted, there was a delinquency penalty to be imposed where the licensee failed to pay his license tax within ten days from the due date; a further provision existed providing for the arrest of those who violated any of the provisions of the ordinance, with a possible fine and imprisonment, the maximum being two hundred dollars fine or one hundred days in jail, respectively, and that each day during which such violation continued would constitute a separate offense. Appellant's counsel cite *Trower* v. *City and County of San Francisco,* 152 Cal. 479, [15 L. R. A. (N. S.) 183, 92 Pac. 1025], where the supreme court, in defining what constitutes legal duress which will give involuntary character to payments made under pretended force of law, declares: "The distinction to be observed is between a payment made for the purpose of protecting or securing the present enjoyment of a right to which the person is immediately entitled, and a payment made to prevent a threatened disturbance of such right where there is no authority to interfere with its enjoyment until the right of the threatening party shall be established in a judicial proceeding in which the rights of the respective parties may be presented and determined. In the latter case, a payment to avoid such threatened contest is regarded as voluntary, while in the former case it is compulsory." Also, *Justice* v. *Robinson,* 142 Cal. 199, [75 Pac. 776], the court there stating: "The general rule in reference to the payment of taxes under protest, where not controlled by some statutory provision, is, that in the absence of acts amounting to duress or coercion the payment is deemed to be voluntary, and a mere protest made at the time of such payment does not divest it of its voluntary character. Where there is no legal compulsion, the legal effect of the payment is not impaired by protest." A number of other cases are cited, among them some from other jurisdictions, which are all declarative of the generally accepted rule that there must be a sufficient showing of legal coercion before a person may pay a public tax and not have such payment considered voluntary. [1] We think, however, that it is not essential to a recovery of such a tax that the person be threatened with actual imprisonment or threatened with the penalty of having his right to do business taken away. There may be penalties which

fall perhaps short of this mark to avoid which the person paying may protect himself by protest. As was said in *Atchison etc. Ry. Co.* v. *O'Connor,* 223 U. S. 280, [Ann. Cas. 1913C, 1050, 56 L. Ed. 436, 32 Sup. Ct. Rep. 216, see, also, Rose's U. S. Notes], cited in *Hartford Fire Ins. Co.* v. *Jordan,* 168 Cal. 270, [142 Pac. 839]: "Courts sometimes, perhaps, have been a little too slow to recognize the implied duress under which payment is made. But even if the state is driven to an action, if, at the same time, the citizen is put at a serious disadvantage in the assertion of his legal, in this case his constitutional, rights, by defense in the suit, justice may require that he should be at liberty to avoid those disadvantages by paying promptly and bringing suit on his side. He is entitled to assert his supposed right on reasonably equal terms." That case, to be sure, had to do with the payment of corporation franchise tax where the failure to pay the tax, if the same were determined legal, would have resulted in the corporation being deprived of its right to do business in the particular state. [2] If under the ordinance here considered the tax collector had only recourse to a civil action to collect the license tax, then there could be no payment under protest sufficient to divest the payment of its voluntary character, for the protestant could then contest the validity of the tax without suffering the risk of incurring excessive penalties or arrest. But in the enforcement of the provisions of the ordinance there was available to the tax collector the machinery of the municipal criminal courts, and with the provision of the ordinance, as stated, that a violation continued should be deemed a new offense on each succeeding day, the plaintiff might have incurred liability for a large amount of money by way of criminal fines before the legality of the tax could have been finally determined. This is assuming that the arrest would be that of the corporation under the provisions of the Penal Code, rather than the arrest of officials of the corporation individually. In addition to this, there would seem to be little doubt but that there might be such action on the part of the officials of the corporation in violation of the terms of the ordinance as might subject them to individual arrest and thus create an additional reason why the payments made to avoid such consequences should not be considered as voluntary. The secretary of the corporation, according to his testimony, had

it in mind that arrests might follow, as the tax collecting authority had informed him that the "penalties" of the ordinance would be enforced. The state of mind of the official was of more important legal consideration than any undisclosed intent of the officers whose duty it was to collect the city's license taxes. "And a threat of arrest for which there is no ground does not constitute duress, as the person threatened could not be put in fear thereby. But these rules fail to take into consideration that the question at issue in such cases is whether the mind of the person was overcome by impending criminal proceedings to such an extent as to make his act of payment involuntary. No hard-and-fast rule therefore should be laid down but each case must be decided on its own peculiar facts." (21 Ruling Case Law, sec. 178, p. 154.) Our conclusion on the proposition stated is that there was sufficient evidence to sustain the finding of the trial judge that the plaintiff was coerced into making the payments for which recovery was sought.

[3] It is next contended that the written protest filed at the time of the making of the license tax payments was not sufficient, for the reason that particular grounds were not sufficiently stated. The notice of protest did advise the license collector that the licensee considered the ordinance void, and it was further stated in the notice that the ordinance was in violation of the constitution of the United States and of the fourteenth amendment thereof. We have referred hereinbefore to the testimony of the secretary of the corporation wherein it was shown that he had discussed with the license collector the effect of the amendment made to the California constitution in 1910, and had claimed that under that amendment the plaintiff company should not be required to pay the tax; that notwithstanding this notification the collecting officer insisted that he would enforce the penalties of the ordinance. It has recently been held by our supreme court that such a protest may be made orally and that particular grounds thereof need not be expressly stated, where the collecting official is already informed of the reasons upon which the paying party objects to the tax. (*Spencer et al.* v. *City of Los Angeles et al.,* 180 Cal. 103, [179 Pac. 163].)

We have examined the specifications pointing to alleged errors of the court in receiving certain testimony, and are

satisfied that upon these assignments no such error is shown as to warrant a reversal of the judgment.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.