EDMONDS, J.
 

 In September, 1934, agents of the City of Los Angeles informed Barker Bros., the owner of a large retail establishment, that, pursuant to the terms of a general occupational license tax ordinance, it must procure a license for carrying on its business for the six months’ period ending at the close of the following December. Thereafter Barker Bros, procured the license by paying the amount of tax demanded, accompanying the payment with a written notice of protest upon the ground that it was not subject to the ordinance. It later brought suit to recover the amount of tax paid and has appealed from a judgment in favor of the city.
 

 Under the terms of the ordinance in controversy “it shall be unlawful for any person ... to commence or carry on any trade, calling, profession or occupation in this ordinance specified, in the City of Los Angeles, without first having procured a license so to do . . . ” Section 128 (c) requires a license fee from “every person, firm or corporation conducting or carrying on an3 store which is commonly known as a department store or any store where a variety of goods, wares
 
 *606
 
 and merchandise are arranged in or offered for sale from several departments or sections”. The gross annual receipts of such a store determines the amount of the fee which must be paid. The city claims that the business of Barker Bros, comes within the provisions of this section. The appellant contends that it does not conduct a store of the kind described, and also that the ordinance, in so far as it relates to department stores or stores selling merchandise from departments, is unconstitutional for several different reasons. It is also said to violate the commerce clause of the federal Constitution.
 

 The trial court found “that at all times during the year 1934, the plaintiff was engaged in the business of conducting, managing and carrying on a department store where a large variety of goods, wares and merchandise were sold and offered for sale from approximately thirty-nine different departments”. The evidence upon which this finding was made is practically undisputed. It shows that in 1934 the principal business of the appellant consisted in the sale of furniture and house furnishings but that it also sold jewelry and silverware, children’s wear, china and glassware, blankets, pianos, kitchenware, small electric equipment, candy, toys, lingerie, hosiery, and many other kinds of merchandise. However, at least 93 per cent, in amount, of its total gross sales for the year were of household furniture or furnishings, and the appellant contends that in only two of its departments were goods sold which cannot be classed as such.
 

 The ordinance in controversy requires a license for any department store
 
 or
 
 any store where a variety of goods, wares and merchandise are offered for sale from several departments or sections. The word “or” is ordinarily used as a disjunctive “that marks an alternative generally corresponding to ‘either’ as ‘either this or that’ ”. (46 C. J. 1124, sec. 1;
 
 Dodd
 
 v.
 
 Independence Stove & Furnace Co.,
 
 330 Mo. 662 [51 S. W. (2d) 114].) As so understood the ordinance brings within the scope of its provisions both department stores and those which may not be “commonly known” as such but offer their goods for sale from several departments or sections. It is, therefore, necessary to consider whether either of these classifications may be made by the city without violating constitutional principles.
 

 Wide discretion is given to legislative bodies in the imposition of taxes and the right to classify for such purposes is of wide range and flexibility.
 
 (Bueneman
 
 v.
 
 City of Santa
 
 
 *607
 
 Barbara, 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R 895].) “The equal protection clause does not detract from the right of the State justly 1o exert its taxing power or prevent it from adjusting its legislation to differences in situation or forbid classification in that connection, ‘but it does require that the classification be not arbitrary but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation ’.
 
 (Power Mfg. Co.
 
 v.
 
 Saunders,
 
 274 U. S. 490, 493 [47 Sup. Ct. 678, 71 L. Ed. 1165].) ”
 
 (Quaker City Cab Co.
 
 v.
 
 Pennsylvania,
 
 277 U. S. 389, 400 [48 Sup. Ct. 553, 72 L. Ed. 927];
 
 Stebbins
 
 v.
 
 Riley,
 
 268 U. S. 137 [45 Sup. Ct. 424, 69 L. Ed. 884, 44 A. L. R 1454];
 
 Royster Guano Co.
 
 v.
 
 Virginia,
 
 253 U. S. 412 [40 Sup. Ct. 560, 64 L. Ed. 989].) While the state may classify broadly the subjects of taxation, it must do so on a rational basis so that all persons similarly circumstanced shall be treated alike.
 
 (Louisville Gas Co.
 
 v.
 
 Coleman,
 
 277 U. S. 32 [48 Sup. Ct. 423, 72 L. Ed. 770];
 
 Ohio Oil Co.
 
 v.
 
 Conway,
 
 281 U. S. 146 [50 Sup. Ct. 310, 74 L. Ed. 775].) These fundamental principles are expressly recognized in the charter of the City of Los Angeles, which provides: “No discrimination in the amount of license tax shall be made between persons engaged in the same business other than by proportioning the tax to the amount of business done.” (Art. I, sec. 3.)
 

 It is not necessary for the validity of a general occupational license tax ordinance that the legislative body include every kind of a business or occupation within its provisions if the discrimination is based upon some reasonable distinction.
 
 (State Board of Tax Commrs.
 
 v.
 
 Jackson,
 
 283 U. S. 527 [51 Sup. Ct. 540, 75 L. Ed. 1248, 73 A. L. R 1464, 75 A. L. R 1536];
 
 Bell’s Gap R. Co.
 
 v.
 
 Pennsylvania,
 
 134 U. S. 232 [10 Sup. Ct. 533, 33 L. Ed. 892].) It is equally important that the classification be defined with reasonable certainty. But in the ordinance here considered the lawmakers have given no definition of a department store by which one may know whether a particular business is included within the terms of the ordinance. How “commonly” must a department store be known as such to subject it to a tax? Is the test whether a store sells ready-to-wear garments and yardage, as some witnesses stated? Or does the classification depend upon the number of departments ? Does it rest upon the opinion of other merchants in the community,
 
 *608
 
 or of customers of the store, or of people generally? Or as the appellant claims is such a store one which handles a general line of merchandise without specializing in any particular kind? The term “commonly known as a department store” cannot be applied with any certainty to a particular business and is too indefinite to be used as a classification for the purpose of taxation.
 

 The ordinance requires no license for the sale of many kinds of merchandise handled by the appellant in 1934 except as these articles might be included among those sold by a store “where a variety of goods . . . are arranged in or offered for sale from several departments or sections”. Furniture, jewelry, children’s wear, china ware, and household goods may be mentioned as examples. If the owner of the furniture store keeps his stock in helter-skelter disorder he requires no license; if he arranges it" by “ departments or sections” he must pay a tax. If he sells a “variety” of household goods or china ware from a general stock he escapes taxation; if, however, he offers it for sale grouped according to kind, he is then carrying on a business subject to the ordinance. Certainly such classification, so far as the evidence presented in this case shows, is based upon no reasonable distinction. Nowadays, almost every store presents its merchandise in departments or sections and an owner who uses these modern merchandising methods of arrangement and display may not be required to pay a tax while his less progressive neighbor, selling the same articles, is allowed to go on his unsystematic way without being subjected to it. Laws imposing taxes are
 
 in invitum,
 
 and are to be strictly construed in favor of the taxpayer.
 
 (Uhl
 
 v.
 
 Badaracco,
 
 199 Cal. 270 [248 Pac. 917];
 
 In re Dees,
 
 46 Cal. App. 656 [189 Pac. 1050];
 
 United States
 
 v.
 
 Merriam,
 
 263 U. S. 179 [44 Sup. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547];
 
 Gould
 
 v.
 
 Gould,
 
 245 U. S. 151 [38 Sup. Ct. 53, 62 L. Ed. 211].)
 

 The City of Los Angeles relies strongly upon
 
 State Board of Tax Commrs.
 
 v.
 
 Jackson, supra,
 
 and
 
 Liggett Co.
 
 v.
 
 Lee,
 
 288 U. S. 517 [53 Sup. Ct. 481, 77 L. Ed. 929, 85 A. L. R. 699], to sustain the validity of the ordinance. In the former case the court sustained a statute taxing chain stores, but it pointed out that “ the appellants produced evidence to prove that there are many points of difference between chain stores and independently owned units” and enumerated them. It
 
 *609
 
 also said: “The record shows that the chain store has many .features and advantages which definitely distinguish it from the individual store dealing in the same commodities.” In the Liggett case the court held that a statute requiring a license upon retail stores and fixing a tax based upon the number of stores in one ownership was invalid because there was no reasonable basis for such classification. In referring to the decision in the Jackson case the court said that it was based “upon the ultimate fact of common knowledge, illustrated and emphasized by the evidence, that the conduct of a chain of stores constitutes a form and method of merchandising quite apart from that adapted to the practice of the ordinary individually operated small store or department store”. In this case the City of Los Angeles made no attempt to show that there is any fundamental difference between a department store’s method of doing business and that followed by an ordinary retail store, a furniture store for example. There may be such a distinction as would support a separate classification of such stores as the basis for taxation. But there is neither adequate definition of the classification in section 128 (c) of the ordinance in question, nor evidence that it is based upon any factors which would furnish a reasonable ground for it. For these reasons, section 128 (c) of the ordinance violates the provisions of the fourteenth article of the amendments to the Constitution of the United States and also article I of the Constitution of California.
 

 However, the appellant cannot escape payment of the license tax imposed upon stores selling the particular articles or kinds of merchandise enumerated in the ordinance. Its liability for a tax will depend upon'whether it sold such merchandise, and must be based upon the gross amount received therefrom. But in any computation of the amount of its gross sales the appellant may not make any deduction for goods shipped out of the state of California. The ordinance lays a tax upon the occupation or business, not upon particular sales. The volume of gross business fixes the amount of tax to be paid. Such a tax places no direct burden on commerce in the goods sold. All taxation has some incidental and indirect effect upon interstate commerce, but an excise tax which has only such remote effect is valid.
 
 (American Mfg. Co.
 
 v.
 
 City of St. Louis,
 
 250 U. S. 459 [39 Sup. Ct. 522,
 
 *610
 
 63 L. Ed. 1084].) “The turning point of these decisions is, whether in its incidence the tax affects interstate commerce so directly and immediately as to amount to a genuine and substantial regulation of, or restraint upon it, or whether it affects it only incidentally or remotely so that the tax is not in reality a burden, although in form it may touch and in fact distantly affect it.”
 
 (Hump Hairpin Co.
 
 v.
 
 Emmerson,
 
 258 U. S. 290, 295 [42 Sup. Ct. 305, 66 L. Ed. 622].)
 

 Under the circumstances shown in this case the payment made by the appellant was not a voluntary one. The ordinance gives the city the right to sue for the license tax and also makes each day’s violation of it a misdemeanor. Payment of the amount of the tax demanded by the agents of the city was, therefore, involuntary and made under pressure of the law’s duress.
 
 (Vitale
 
 v.
 
 City of Los Angeles,
 
 13 Cal. App. (2d) 704 [57 Pac. (2d) 993];
 
 Home Tel. etc. Co.
 
 v.
 
 City of Los Angeles,
 
 40 Cal. App. 492 [181 Pac. 100].)
 

 The judgment is reversed and the cause remanded to the superior court for proceedings consistent with this opinion.
 

 Waste, C. J., Seawell, J., Curtis, J., and Nourse, J.,
 
 pro tem.,
 
 concurred.
 

 Shenk, J., and Langdon, J., dissented.
 

 Rehearing denied. Langdon, J., and Shenk, J., voted for a rehearing.