[Civ. No. 2515.   Fourth Appellate District.—March 29, 1040.]

IDA C. SOARES, Appellant, v. CITY OF SANTA MARIA, Respondent.

Fred A. Shaeffer for Appellant.

Hurley T. Bailey, City Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment refusing plaintiff recovery of $100 paid as a city license, under the

terms of a license ordinance of Santa Maria, permitting her to solicit and take orders for goods manufactured in Cincinnati, Ohio, and delivered in Santa Maria.

The ordinance provides for a license of $20 per quarter for a solicitor who has been in business at least one year, but five times that amount for one who has been in business for less than that time. It also provides for a refund of four-fifths of the larger amount at the end of one year if the solicitor stays in business for that period of time. The penal paragraph of the ordinance makes soliciting without such license a misdemeanor for which the solicitor might be punished by fine or imprisonment or both.

The evidence shows that Mr. Soares, husband of plaintiff who procured the license for her, was told by the city marshal of Santa Maria that Mrs. Soares could not take orders and fill them without obtaining and paying for the license; that it would be enforced against her. He then paid the license. Mrs. Soares stayed in business for about four months.

Mrs. Soares thus explained her method of doing business. She solicited orders from door to door in Santa Maria. She sent the orders to Cincinnati, Ohio, where they were filled. These orders were sent by express and delivered to her in Santa Maria. She opened the packages containing the goods and filled the orders by delivering to each customer the goods ordered.

Three questions necessary for decision are presented: (1) Was the payment of the license a voluntary or involuntary act? (2) Did the ordinance place a burden on interstate commerce? (3) Was the ordinance discriminatory and therefore unconstitutional?

The ordinance provides for the arrest and prosecution of Mrs. Soares should she pursue her business without a license. The chief law enforcement officer of Santa Maria refused her the right to engage in her business without obtaining and paying for a license. Under similar circumstances it has been held that such payment was involuntarily made and could be recovered if the ordinance imposing the tax was unconstitutional and void. (*Trower* v. *City and County of San Francisco,* 152 Cal. 479 [92 Pac. 1025, 15 L. R. A. (N. S.) 183]; *Barker Bros., Inc.,* v. *City of Los Angeles,* 10 Cal. (2d) 603 [76 Pac. (2d) 97]; *Home Tel. & Tel. Co.* v. *City of Los Angeles,* 40 Cal. App. 492 [181 Pac. 100].)

█ Mrs. Soares relies on *Real Silk Hosiery Mills, Inc.,* v. *City of Portland,* 268 U. S. 325 [45 Sup. Ct. 525, 69 L. Ed. 982], and the many cases to the same effect, as upholding her argument that the ordinance places an unlawful burden on interstate commerce. While the rules announced in those cases are firmly established and may not be questioned, they are not controlling here. In those cases the orders were taken within the state of ultimate destination and forwarded to the manufacturer or distributor without the state. The goods ordered were shipped by the latter direct to the customer within the state where the orders were taken. The goods did not go into the hands of the agent or other representative of the shipper for redistribution but direct to the ultimate consumer. Therein lies the distinction between those cases and the instant case.

The case of *Brown* v. *Houston,* 114 U. S. 622 [5 Sup. Ct. 1091, 29 L. Ed. 257], and the many cases following it, are controlling here. In those cases the goods were shipped to an agent or other representative of the shipper in the state where the tax was imposed. They came to rest in the possession of the consignee and became a part of all of the property within the state which was subject to its taxation. When they so came to rest their journey in interstate commerce ended and they were subject to local taxation even though some of them might be disposed of for reshipment in interstate or foreign commerce.

As the goods in the instant case were delivered to Mrs. Soares in Santa Maria, and were by her delivered to her customers, the ordinance imposing the license did not place any unlawful burden on interstate commerce.

█ Is the ordinance discriminatory and therefore void in placing a greater tax on a person in business for less than one year than it imposes on another person who has been in the same business for longer than one year? An ordinance quite similar in purpose and effect was held void in the case of *In re Fassett,* 21 Cal. App. (2d) 557 [69 Pac. (2d) 865], where it was said:

"We are unable to see any natural, intrinsic or reasonable distinction between persons who have been engaged in that business at a particular location for a period of one year and others who have been thus established for a shorter period of time, perhaps only for eleven months and twenty-

nine days. . . . Under the terms of this ordinance one who has been engaged in such a business on certain premises for the period of one year, without the payment of any fee and without complying with any regulations other than those that may have been provided for in previous ordinances, may proceed with his business . . . , no matter how large, which he has previously maintained and may, without fee or further regulation, obtain a permit for any increased number, and this without regard to the location of his business. On the other hand, one who is engaged in exactly the same sort of business, and who has complied with the same regulations as those imposed upon his favored competitor, but who happens to have moved his location within a year or to have established his business within that time, must, before he can operate or continue to operate, pay a fee of $25 and comply with additional regulations, with respect to his location and the manner in which his equipment is constructed, which are much more onerous and with which it would be difficult and expensive, if not impossible, to comply. The ordinance in question is so patently discriminating, as between persons of the same class, as to strongly suggest that it was so intended.''

While the right to make reasonable, natural and intrinsic classifications for the purpose of taxation is well recognized, such a distinction cannot be based on the length of time a person has been in business in a given locality. Where such a classification is attempted it denies to some the equal protection of the law by giving to others in identical circumstances greater privileges and immunities, which render the legislation unconstitutional and void. (*In re Weisberg,* 215 Cal. 624 [12 Pac. (2d) 446].)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.