[Civ. No. 27236. First Dist., Div. Three. June 15, 1971.]

ASSOCIATED HOME BUILDERS OF THE GREATER
EAST BAY, INC., Plaintiff and Appellant, v.
CITY OF NEWARK, Defendant and Respondent.

**Counsel**

Brobeck, Phleger & Harrison, Howard N. Ellman, Edwin A. Frey, Jr., Alan F. Greenwald and Robert C. Kirkwood for Plaintiff and Appellant.

Sturgis, Den-Dulk, Douglass & Anderson, Robert I. Anderson and Anthony J. Garcia for Defendant and Respondent.

**Opinion**

**DRAPER, P. J.**—Plaintiff is an incorporated association of contractors engaged in the construction of residential buildings. In this declaratory relief action, it seeks to establish the invalidity of a license tax ordinance (No. 91) of defendant, a general law city. This ordinance, concededly solely a revenue measure, imposes a tax upon the business of constructing dwellings. The measure of the tax is the number of bedrooms in the units to be constructed. It is required to be paid before the building permit is issued, and the fees received are to be deposited by the city in a "capital outlay fund." Another ordinance (No. 98) imposes a license tax upon substantially all businesses, including construction. Plaintiff association attacks the ordinance as a discriminatory denial of equal protection of the law. The trial court held that the tax is based upon a reasonable classification, and thus is not discriminatory or arbitrary. Plaintiff appeals.

The power " 'to make classifications . . . for the purpose of taxation is very broad. . . . A statute is presumed to be constitutional until the contrary appears.' " (*Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal.2d 136, 141 [222 P.2d 879].)

Appellant's core argument is that the tax discriminates unreasonably in taxing residential construction at a substantially higher rate than the building of commercial and industrial structures. **(3)** But when a legislative enactment is attacked as violative of the equal protection clause, "if facts reasonably can be conceived that would sustain it, their existence is presumed, and the burden of showing arbitrary action rests upon the one who assails the classification." (*Burks* v. *Poppy Construction Co.,* 57 Cal.2d 463, 475 [20 Cal.Rptr. 609, 370 P.2d 313].) These and many other decisions have upheld classifications for tax purposes against like attacks (e.g., *Willingham Bus Lines, Inc.* v. *Municipal Court,* 66 Cal.2d 893 [59 Cal.Rptr. 618, 428 P.2d 602]; *Ex parte Lemon,* 143 Cal. 558 [77 P. 455]; *Clark* v. *City of San Pablo,* 270 Cal.App.2d

121 [75 Cal.Rptr. 726]; *Web Service Co. v. Spencer,* 252 Cal.App.2d 827 [61 Cal.Rptr. 493]). Decisions which have struck down comparable provisions are distinguishable, since the legislation was not strictly for revenue, but was largely regulatory in purpose, as in seeking to bar non-residents, or to distinguish among consumers, rather than businesses (e.g., *Bueneman* v. *City of Santa Barbara,* 8 Cal.2d 405 [65 P.2d 884, 109 A.L.R. 895]; *Gowens* v. *City of Bakersfield,* 179 Cal.App.2d 282 [3 Cal.Rptr. 746]; *Security Truck Line* v. *City of Monterey,* 117 Cal.App.2d 441 [256 P.2d 366, 257 P.2d 755]; *Soares* v. *City of Santa Maria,* 38 Cal.App.2d 215 [100 P.2d 1108]; *In re Fassett,* 21 Cal.App.2d 557 [69 P.2d 865]). A recent Court of Appeal decision arguably could have supported appellant's argument by analogy, but after hearing by the Supreme Court, the opposite result has now been reached (*Associated Home Builders etc., Inc.* v. *City of Walnut Creek,* 4 Cal.3d 633 [94 Cal.Rptr. 630, 484 P.2d 606]).

 Respondent points to the relatively greater fire and police protection and street use required for residents. Appellant argues that similar problems result from a proliferation of commercial or industrial uses, but it is not for the courts to say that the full-time requirements of residents do not impose a greater burden than the part-day pressures imposed by those who but work in a city. That fact issue is for the legislative body, and its determination affords an adequate basis for the classification.

Appellant has shown that its members pay substantially larger license taxes than do other businesses, particularly builders of nonresidential buildings. But the evidence does not suggest that the tax has reached the point of confiscation or prohibition. This showing establishes "discrimination" in the broadest sense of that word, but does not suffice to overthrow the ordinance if the classification is reasonable, as it is upon the facts here. (*Fox etc. Corp.* v. *City of Bakersfield, supra,* 36 Cal.2d 136, 138-139.)

 Finally, appellant contends that the ordinance requirement of payment of the tax before issuance of a building permit is an impermissible intrusion upon a field preempted by state law. The argument is that the statute (Health & Saf. Code, § 19132.3 as it stood May 8, 1969 when this judgment was entered) limits the fees for building permits to those which will cover costs of examining applications and issuing building permits. This provision could well invalidate an ordinance which sought to regulate the issuance of building permits. But the enactment here in issue does not. It imposes a license tax, as is fully authorized by state law (Gov. Code, § 37101). This revenue ordinance does not impinge upon state laws which regulate the conduct of the business (see *Willingham*

*Bus Lines, Inc.* v. *Municipal Court, supra,* 66 Cal.2d 893; *People* v. *Williams,* 207 Cal.App.2d Supp. 912 [24 Cal.Rptr. 922]; cf. *Century Plaza Hotel Co.* v. *City of Los Angeles,* 7 Cal.App.3d 616 [87 Cal.Rptr. 166]). The mere requirement that the fee be paid when the building permit is issued represents merely a choice of a reasonable time for payment of a tax validly imposed (see *Longridge Estates* v. *City of Los Angeles,* 183 Cal.App.2d 533 [6 Cal.Rptr. 900]). This ordinance obviously has no regulating purpose. It imposes a valid tax which must be collected some time. Since its measure is fixed by the number of bedrooms, it seems both reasonable and efficient to collect it at the time the building permit issues.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied July 15, 1971, and appellant's petition for a hearing by the Supreme Court was denied August 13, 1971.