[Civ. No. 42505. Second Dist., Div. Five. June 3, 1974.]

ALCO PLATING CORPORATION et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Peter A. Lewi for Plaintiffs and Appellants.

Burt Pines, City Attorney, Thomas C. Bonaventura, Assistant City Attorney, and Ronald A. Tuller, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**LORING, J.***—Twelve corporate members of the metal plating industry (hereafter Taxpayers) filed an action for declaratory relief against the City of Los Angeles, a municipal corporation (City) seeking a declaratory judgment that section 21.190 of the Los Angeles Municipal Code did not apply to them at all, that they were taxable only under section 21.166 of the code; that if any of their business gross receipts were includable within

---

*Assigned by the Chairman of the Judicial Council.

section 21.190, the section as to them was unconstitutional. Both sections imposed a business tax. Section 21.166 imposed a lower rate. The City board of review had rendered a decision that a portion of Taxpayers' gross receipts representing cost of materials was taxable under section 21.166 and the balance of Taxpayers' gross receipts were taxable under section 21.190. The trial court rendered declaratory judgment in favor of City and against Taxpayers upholding the validity of the decision of the board of review and declaring that section 21.190 as applied to Taxpayers was constitutional. Taxpayers appeal from the judgment.

## FACTS

The parties entered into an agreed statement of facts reserving the right to produce additional evidence.[1] ██ Each of the Taxpayers were engaged primarily in the business (within the City of Los Angeles) of applying ("depositing") various types of metal coatings to fabricated parts, which parts were supplied by customers, by means of an electroplating process. During and prior to 1971 City taxed Taxpayers under section 21.190[2] which reads as follows: " '(a) for every person engaged in any trade, calling, occupation, vocation, profession or other means of livelihood, as an independent contractor and not as an employee of another, and not specifically taxed by other provisions of this Article, the tax shall be $30.00 per year or fractional part thereof for the first $6,000.00 or less of gross receipts, plus $5.00 per year for each additional $1,000.00 of gross receipts or fractional part thereof in excess of $6,000.00.' "

In 1971 Taxpayers claimed they were taxable under section 21.166 which reads as follows: " '(a) for every person manufacturing and selling any goods, wares or merchandise at wholesale, or selling any goods, wares or merchandise at wholesale, and not otherwise specifically taxed by other provisions of this Article, the tax shall be $20.00 per year or fractional part thereof for the first $20,000.00 or less of gross receipts, plus $1.00 per year for each additional $1,000.00 of gross receipts or fractional part thereof in excess of $20,000.00—.' "

We marginally note section 21.189[3] (repealed Aug. 17, 1953) which is not involved herein except only as it provides an aid in interpretation.

---

[1] Hereafter all recitations of fact herein will be taken from the agreed statement unless otherwise indicated.

[2] All references are to City's business tax ordinance unless otherwise noted.

[3] Prior to August 17, 1953, section 21.189 read as follows: " '(a) Every person engaged in the business of manufacturing, fabricating, processing, repairing or servicing goods, wares, merchandise or articles for others, for which business a license

City's board of review concluded that Taxpayers' gross receipts representing cost of materials should be taxable under section 21.166 and the remaining balance of Taxpayers' gross receipts should be taxable under section 21.190. The agreed statement recited compliance with all technical requirements within the time prescribed by law which were prerequisite to a judicial determination of the issues.

## DISCUSSION

Taxpayers' claim that they are taxable under section 21.166 because they are engaged in a process of manufacturing and selling goods, wares or merchandise at wholesale because what their customers are primarily interested in is obtaining the materials (such as paint, nickel, zinc, chromium, cadmium, silver and other metals and materials) which Taxpayers have available for sale and that the application of such materials by Taxpayers to the customer's property is merely incidental.

We regard this as a gross distortion of the facts not having any basis in the court's findings or otherwise. Under Taxpayers' argument (and that is all that it is) a house painter should be classified as a manufacturer because he sells paint. The only difference between Taxpayers and a house painter is the material applied, the tools used, the process of application, and the location and nature of the property to which the application is made. Each process is predominantly a service function, the furnishing of the material to be applied is merely incidental to its application. In each case what the customer is primarily interested in is the application of the new material to his original property. There is no evidence that Taxpayers' customers ever applied or had the tools or equipment and know-how necessary to apply materials supplied by Taxpayers to their own property.

The records of City received in evidence clearly demonstrate that the City Council expected and intended when it repealed section 21.189 in 1953, that persons formerly covered by section 21.189 would thereafter be taxable under section 21.190. The trial court was entitled to consider such evidence. (*Coca-Cola Co.* v. *State Bd. of Equalization,* 25 Cal.2d 918 [156 P.2d 1].)

■ Legislative classification for purposes of taxation is not unlawful if

is not required by any provision of this Article, shall pay for each calendar year, or portion thereof, the sum of $12.00 for the first $12,000.00 or less of gross receipts, and, in addition thereto, the sum of $1.00 per year for each additional $1,000.00 of gross receipts, or fractional part thereof, in excess of $12,000.00.' "

there is a reasonable factual basis for the classification and the legislative conduct is not arbitrary. (*Gowens* v. *City of Bakersfield,* 193 Cal.App.2d 79 [13 Cal.Rptr. 820]; *Higbie* v. *County of Los Angeles,* 47 Cal.App.2d 281 [117 P.2d 933]; *Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720 [57 P.2d 1022]; *Web Service Co.* v. *Spencer,* 252 Cal.App.2d 827 [61 Cal. Rptr. 493]; *Associated Home Builders, etc., Inc.* v. *City of Newark,* 18 Cal.App.3d 107 [95 Cal.Rptr. 648].)

■ In our view the trial court was justified in impliedly concluding that the City presumably found a reasonable basis for distinguishing between, and classifying in different classes, businesses which were primarily engaged in maufacturing and selling or selling tangible personal property at wholesale on the one hand, and businesses which were primarily engaged in supplying a service on the other hand. In the first class the business must invest capital in an inventory and bear the attendant risks and burdens of maintaining such inventory and must pay property taxes on such inventory. A business which primarily provides a service need not make such large investments in inventory and it thereby avoids the risks and burdens which are inherent in maintaining such inventory. It does not pay property tax on a nonexistent inventory. The question is not whether we, or the trial judge, would have reached the same conclusion as the City council. The question is whether or not there is a reasonable basis for the conclusion which the City council reached. The trial court was justified in concluding that there was such a reasonable basis in the case at bar. It must be borne in mind that the tax in question is measured by gross receipts, not net income. Clearly the City had a right to apply a higher rate of tax on gross receipts from a business which is primarily personal service than to a business which is primarily a manufacturing process since in the manufacturing process a higher percentage of gross receipts is attributable to the inventory used in the manufacturing process which therefore is a form of return of capital investment. To impose a gross receipts tax on both businesses at the same rate would be to impose a tax on capital investment to the extent that gross receipts represented a return of capital.

When the City board of review distinguished between that portion of Taxpayers' gross receipts attributable to the costs of materials supplied in the electric plating process and imposed a tax thereon under section 21.166 and that portion of Taxpayers' gross receipts in excess of cost of materials supplied in the process and imposed a tax thereon under section 21.190,

the City did all for Taxpayers' benefit that Taxpayers had a right to legally expect.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 31, 1974.