[Crim. No. 1393. Third Appellate District.—October 5, 1934.]

In the Matter of the Application of A. WACHOLDER for a Writ of Habeas Corpus.

James F. Gaffney for Petitioner.

Hugh B. Bradford, City Attorney, and B. F. Van Dyke for Respondent.

PLUMMER, J.—On the twenty-fifth day of July, 1934, the above-named petitioner was arrested upon a warrant charging him with violation of Ordinance No. 613, fourth series, of the city of Sacramento, based upon a complaint charging violation of such ordinance, by William M. Hallahan, chief of police of the city of Sacramento. The petition herein is for an order of discharge based upon the alleged invalidity of Ordinance No. 613, *supra.*

The petition sets forth the following facts: That the petitioner is a florist, and is and has been since the first day of February, 1934, engaged in the floral business at 914 K Street in the city of Sacramento; that the business is conducted upon leased premises for which the petitioner has obtained a lease for one year at a monthly rental of $90.

Among other reasons for discharge the petition alleges that Ordinance No. 613, *supra*, is void in that it is a violation of section 1 of article I, section 11 of article I, and section 21 of article I, of the Constitution of the state, and likewise, violative of the fourteenth amendment to the Constitution of the United States.

Both upon oral argument and upon the briefs filed in this cause counsel have devoted much attention to the subject of licenses governing itinerant vendors, overlooking the fact that courts are not allowed to take judicial knowledge of city ordinances that are not offered in evidence, properly authenticated. We may state, however, that if the ordinance governing itinerant vendors had been properly placed before us, the section of the ordinance to which counsel refers could be given no application, for the simple reason that in its attempted definition of an itinerant vendor it limits the period of time to 90 days, whereas the calculation of the facts set forth in the petition shows that the petitioner in this cause had been in business at a regularly established place for the period of 175 days prior to his arrest. We express no opinion as to the validity of the section attempting to define what constitutes an itinerant vendor, further than to say that if it appears that an attempted definition is discriminatory, or states something as true which is not true as a matter of fact, its validity, of course, would be open to question.

The petitioner in this case, as we have stated, was arrested for the alleged violation of Ordinance No. 613, *supra*, the title to which reads as follows: "An ordinance licensing and regulating the retail sale of flowers and plants, providing a penalty for the violation of this ordinance and making this ordinance an emergency measure, to take effect immediately." Sections 2, 3 and 4 of that ordinance read as follows:

"Section 2. It shall be necessary before obtaining a license for each person, firm, partnership or corporation selling flowers at retail to obtain, and thereafter to maintain a

storeroom or greenhouse, which shall be equipped properly to care for such flowers, plants, shrubs and cut flowers.

"Section 3. Each retail merchant who has been engaged in the business of selling cut flowers, plants, shrubs, funeral sprays, wreaths, designs, corsages, potted plants, bedding plants, or any other form of natural flowers, plants, or bushes, for more than 180 days last past shall pay the sum of $6.00 annually for a license to continue in such business, which license shall be issued in the name of the person, firm, partnership or corporation so engaged in business, which license shall not be transferable.

"Section 4. Every person, firm, partnership or corporation desiring to engage in such business and not heretofore having been so engaged for at least 365 days last past shall, in addition to obtaining the above described license, post a cash bond, to be approved by the City Controller, in the sum of $500.00 with said Controller with a penalty that said bond shall be forfeited to the City of Sacramento if said person, firm, partnership or corporation does not remain in such business for a period of 180 days in the City of Sacramento at the location for which such license is issued."

Section 2, it may be observed, is so indefinite and uncertain that no application could be made thereof. As to what constitutes a properly equipped storeroom or greenhouse is not specified, and such matters cannot be left to the exercise of the discretion of either the police department or the license department of the city. Furthermore, if upon private property, it is the undoubted right of every citizen to maintain a flower-stand or to sell flowers, irrespective of the source from which those flowers are obtained, or whether they are sold in the open, unless it is made to appear that such sales interfere with the peace, health or good order of the city. In this respect it may be stated that the ordinance in question is not based upon any such premise. It does not appear to be a police regulation or even an ordinance passed for the purpose of raising revenue. The amount of the license fixed is only $6 per year.

Section 3 provides that a license shall be issued to anyone upon payment of $6, who has been engaged in the business of a florist for more than 180 days prior to the enactment of the ordinance.

■ Section 4 is to the effect that unless one has been so engaged in the business of a florist for 365 days last past, he shall, in addition to obtaining a license, post a cash bond to be approved by the city controller in the sum of $500, conditioned that such sum shall be forfeited to the city unless such person remains in business for the period of 180 days at the location for which such license is issued. Here is a plain discrimination between the persons engaged in a like business made dependent upon the time in which they have been so engaged. Also, section 4 is unreasonable in that it requires that a florist must remain at a particular location for at least 180 days with the penalty of forfeiting $500, irrespective of whether other or different locations may be offered where his business may be conducted to a much greater advantage. The matter of compelling, under penalty, anyone to remain in business at a particular location is not within the province of the police powers of the city of Sacramento. It is common knowledge that the rents of a city differ in different locations, and that firms are changing locations frequently to lessen overhead expenses or to secure a more advantageous place for the transaction of business. That is a private right with which the police powers of cities have no concern.

■ Again, the section referred to is violative of the fourteenth amendment to the Constitution of the United States in that it imposes upon citizens who have not been in business in the city of Sacramento for 365 days, a burden not placed upon those who are already engaged in the business and have been so engaged for the period of 180 days.

■ Section 11 of article I of the state Constitution reads: "All laws of a general nature shall have a uniform operation." Sections 3 and 4 of the ordinance, which we have quoted, have no such application. They do not apply to all persons alike.

■ Again, section 21 of article I of the Constitution reads: "No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislature, nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens." Freedom from giving a bond, immunity from placing $500 in jeopardy, freedom

to move from one location to another, granted to citizens already in business for the period of 180 days, denied to all other citizens unless they have been in business 365 days.

Section 11 of article XI of the state Constitution is in these words: "Any county, city, town or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws." Thus, if in conflict with general laws, the ordinance becomes a nullity. Without quoting the section in full we may refer to section 1 of article I of the state Constitution, which guarantees the same rights to all citizens.

In the case of *In re Robinson,* 68 Cal. App. 744 [230 Pac. 175], this court considered quite fully a discriminatory ordinance of the city of Sacramento, and in the opinion in that case reviewed the case of *Ex parte Haskell,* 112 Cal. 412 [44 Pac. 725, 32 L. R. A'. 527], the case upon which the respondent in this action chiefly relies. In so doing we quoted, from the opinion in the case of Haskell, the following: "It may be conceded that if it could be said to discriminate in favor of residents of the City of Chico by requiring such license only from non-residents engaged in the line of business pursued by Haskell, it would be bad; or if it discriminated against residents of the State or against merchandise without, or not the product of the State, that it would be void. . . . It in no way discriminates as to the class against which it is directed, between those living within the city, and those without, but is broad enough to include all of such class wherever residing." Following this quotation this court then said: "In other words, the Chico ordinance, upheld in the Haskell case, did not do the very thing which the Supreme Court declared would make it bad, and which thing the City Council of the City of Sacramento did when adopting the ordinance now under consideration. There is a distinct and positive discrimination between solicitors carrying on the same kind of business, taking orders in the same manner, between those representing houses outside of the City of Sacramento, and those within the city. One class is placed under a heavy burden, the other is exempted entirely." Here the ordinance under consideration is plainly discriminatory. It places a burden upon those who have not been engaged in business in the city of Sacra-

mento for the specified time, and specifically exempts those who have, irrespective of the fact that the different persons are conducting exactly the same kind of business. The only difference is that they have different locations. When thoroughly considered, the Haskell case as well as the Robinson case, *supra,* established the invalidity of the ordinance under consideration. ■ The fact that there is a disparity of rents in different locations within the city does not justify the enactment of discriminatory ordinances. Nor has the city council the power to impose a penalty upon one person transacting a like business with another person simply because person number one may not have been in business for quite so long a period as person number two. Such ordinances are neither police nor revenue measures, but are simply exclusive and discriminatory and under the constitutional provisions which we have referred to cannot be sustained.

Without the inclusion of the discriminatory sections which we have discussed, it is evident that Ordinance No. 613, *supra,* would not have been passed.

The petitioner is entitled to a discharge and the writ is granted.

Thompson, J., and Pullen, P. J., concurred.