[S. F. No. 17690. In Bank. Aug. 16, 1949.]

ACCOUNTING CORPORATION OF AMERICA (a Corporation), Appellant, v. STATE BOARD OF ACCOUNTANCY et al., Respondents.

Sullivan, Roche, Johnson & Farraher, Wilkinson, Hall, Witwer & Moran and George Chadwick, Jr., for Appellant.

Fred N. Howser, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondents.

SHENK, J.—By this action the Accounting Corporation of America, a California corporation, sought to enjoin the State Board of Accountancy and the members thereof from enforcing certain provisions of the Business and Professions Code relating to the practice of "public accountancy." The complaint charged that those provisions deprive the plaintiff of equal protection of the law and establish arbitrary classifications prohibited by the California Constitution. It was prayed that the court declare the invalidity of the provisions and the rights and duties of the parties under them. The court sustained a general and special demurrer to the complaint without leave to amend and entered judgment in favor of the defendants.

The articles of incorporation of the plaintiff authorize it to engage in the practice of public accountancy and it has been so engaged since its incorporation in July of 1945, employing more than 60 persons. In 1945, the chapter of the Business and Professions Code relating to accounting was repealed and a new chapter was enacted which became effective on September 15th of that year. (Stats. 1945, p. 2529; Bus. & Prof. Code, §§ 5000-5132.) Provisions for the regulation and certification of certified public accountants were reenacted in substantially the same form as in the prior chapter. Newly added were provisions recognizing and regulating a class of persons engaged in public accounting distinct from certified public accountants. These provisions directly bear upon the practice in which the plaintiff is engaged.

In general the pertinent sections of the new chapter provided that after six months from the date on which the chapter became effective, no person would be permitted to practice public accountancy unless he had been issued a permit by the State Board of Accountancy. (Bus. & Prof. Code, § 5060.) Individuals over 21 years were permitted to register as public accountants within six months of the effective date provided they (1) were engaged in the practice of public accountancy at the time of the enactment of the chapter or (2) had engaged for at least two years in private or governmental accounting in positions comparable to a given civil service classification, or (3) were high school graduates who had completed a course in accounting and had three years' experience as employees of accountants. Members of the armed services between 1940 and 1946, are permitted to register until 1951 upon meeting certain requirements. (Bus. & Prof. Code, § 5082.) The statute did not provide for the issuance of permits to practice

public accountancy in the future, except to those registered within the prescribed time limits. This controversy arises out of a proviso to section 5062 which declared: "Nothing contained in this chapter shall prevent any corporation which, at the effective date of this chapter, has been legally organized in the State of California and engaged in the practice of public bookkeeping and accounting for a period of three years prior to such date from continuing such practice under its corporate form and arrangement."

In view of the fact that the plaintiff had not been engaged in the practice of public accounting for a period of three years prior to the effective date of the new chapter, the defendant board threatened to enforce the penal provisions of the chapter which are directed against unauthorized practice (§ 5115) and to prohibit the plaintiff from engaging in the practice of public accountancy.

It is the contention of the plaintiff that the proviso which purports to bar from the practice of public accountancy all corporations except those which had been engaged in the occupation for a period of three years before September 15, 1945, is discriminatory and in violation of the equal protection clause and the sections of the state Constitution declaring that laws of a general nature shall have a uniform operation (art. I, § 11) and prohibiting the granting of special or exclusive privileges. (Art. I, § 21; art. IV, § 25.)

Public accountancy is in some respects comparable to the learned professions of law, medicine and dentistry in that a high degree of skill and integrity on the part of the practitioner is demanded. Proficiency in the examination, analysis and evaluation of financial records must be combined with a relationship of trust and confidence between an accountant and members of the public who consult him. This being the case, the Legislature might have, had it chosen, reasonably excluded corporations entirely from the practice of public accountancy. (See *Painless Parker* v. *Board of Dental Exam.*, 216 Cal. 285 [14 P.2d 67]; *People* v. *Merchants Protective Corp.*, 189 Cal. 531 [209 P. 363]; *Pacific Employers Ins. Co.* v. *Carpenter*, 10 Cal.App.2d 592 [52 P.2d 992]; *Pilger* v. *City of Paris Dry Goods Co.*, 86 Cal.App. 277, 281 [261 P. 328].*)

*Only nine other states, Colorado, Georgia, Illinois, Iowa, Michigan, Missouri, North Carolina, Texas and Wisconsin, make any provision for corporate practice of accounting. (C.C.H., Accounting Law Reporter, pp. 1406, 1907, 2108, 2308, 3008, 3308, 4104, 5110, 5708.) In California, a corporation cannot qualify as a certified public accountant. (Bus. & Prof. Code, § 5091.)

But since the Legislature decided that at least some corporations are not disqualified from practicing public accounting, the sole question presented is whether it was reasonable to declare that only those corporations which had engaged in the practice for three years prior to the statute's effective date, should be permitted to continue as public accountants.

In licensing and regulating a profession or occupation the Legislature may properly classify persons on the basis of their experience by fixing a stated period of time as determining their qualification to continue in the activity without examination or other requirement designed to assure competence. Such legislation has been justified on the ground that an individual who has engaged in an activity subject to regulation for a period of time may be assumed to have the qualifications which others can be required to prove by examination or by compliance with other conditions. (*In re Weisberg,* 215 Cal. 624, 631 [12 P.2d 446] ; *Ex parte Whitley,* 144 Cal. 167 [77 P. 879, 1 Ann.Cas. 13] ; *Elliot* v. *University of Illinois,* 365 Ill. 338 [6 N.E.2d 647] ; 12 Am.Jur. 164; 136 A.L.R. 207, 219.)

But where a statute discriminates against individuals or corporations solely because they are new to the field and such discrimination does not appear to have any relation to the public interest, the legislation disregards constitutional protections against arbitrary classification. (*Mayflower Farms* v. *Ten Eyck,* 297 U.S. 266 [56 S.Ct. 457, 80 L.Ed. 675] ; *Del Mar Canning Co.* v. *Payne,* 29 Cal.2d 380 [175 P.2d 231] ; *Van Harlingen* v. *Doyle,* 134 Cal. 53 [66 P. 44, 54 L.R.A. 771] ; *Soares* v. *City of Santa Maria,* 38 Cal.App.2d 215, 218 [100 P.2d 1108] ; *In re Fasset,* 21 Cal.App.2d 557 [69 P.2d 865].)

The attorney general contends that the statute properly classifies corporations on the basis of their experience in public accounting. To state a truism, a corporation can "practice" public accounting only indirectly through its employees. The competence of a public accounting corporation depends, therefore, not upon the length of time the corporation has been engaged in the practice of accounting, but upon the experience, training and integrity of its personnel of the moment. There is no reason to believe that the personnel of a corporation practicing for three years necessarily will have qualifications which entitle that corporation to be preferred over more recent corporate entrants into the field which were also engaged in the practice of public accounting on the date the act became effective. The code provision for corporate practice sharply contrasts with the statute held valid by the

Wisconsin Supreme Court which provided in part for the licensing of a corporation existing at the effective date of the statute provided the manager and board of directors were certified public accountants or had received certificates of authority to practice as public accountants. (Wis. Stats. (1947) ch. 135.06(3); *Wangerin* v. *Wisconsin State Board of Accountancy*, 223 Wis. 179 [270 N.W. 57].)

The arbitrariness of the challenged proviso is emphasized by the fact that a corporation which had not engaged for three years in public accounting work is not merely required to offer more proof of its fitness but is permanently excluded from the practice of public accounting. It is not intended to imply that the Legislature is prevented from including in a class only those engaged in a pursuit on a given date, and making no provision for augmentation of the class, for "The Legislature, in adopting a policy, may adapt legislation to an existing situation." (*People* v. *Western Fruit Growers*, 22 Cal.2d 494, 508 [140 P.2d 13]; see cases therein cited.) The purpose of the present statute was to preserve certain existing privileges but at the same time to attain higher standards in the future by requiring those desiring status as public accountants to meet the more rigid requirements prescribed for certified public accountants. The evil of the proviso to section 5062 is that it confers a privilege to remain in business upon a class of corporations arbitrarily selected from among those engaged in public accounting at the time the new accounting chapter became effective.

The respondent board relies on the presumption that there is a reasonable basis factually supported for the classification which prefers corporations having three years' practice. (*People* v. *Wells*, 33 Cal.2d 330, 337 [202 P.2d 53]; *California Physicians' Service* v. *Garrison*, 28 Cal.2d 790, 802 [172 P.2d 4, 167 A.L.R. 306]; *Lelande* v. *Lowery*, 26 Cal.2d 224, 232 [157 P.2d 639, 175 A.L.R. 1109].) The presumption of validity to which every statute is entitled will not alone compel the sustaining of a statutory provision which can only be characterized as arbitrary. Forbearance by the courts from hasty invalidation of legislation is imperative, but a statute which permits some corporations to continue operations as public accountants while denying others that privilege where no reasonable grounds exist for such favoritism, denies equal protection to the excluded corporations and grants unlawful special privileges to the favored.

Since the Legislature intended that some corporations should be permitted to practice accountancy, the entire proviso relating to corporate practice need not be nullified, but only the phrase which restricts such practice to those which had engaged in the practice "for a period of three years." Any corporation engaged in the practice of public accountancy in California at the effective date of the statute, may, under the valid portions of the proviso contained in section 5062 continue to engage in public accountancy.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.