99 Cal.App.2d 738 (1950)
JACOB EPSTEIN et al., Appellants,
v.
LAMIA ZAHLOUTE, Respondent.
Civ. No. 17702. 
California Court of Appeals. Second Dist., Div. Two. 
Oct. 2, 1950.
 Bloom & Bloom for Appellants.
 No appearance for Respondent.
 WILSON, J.
 Plaintiffs' predecessor in interest executed a lease to defendant of an apartment for the terms of two years "with option for renewal each succeeding year thereafter, ..." Subsequently to the expiration of the two-year term plaintiffs brought this action to quiet title to the property and to cancel the lease. They have appealed from the judgment rendered in favor of defendant. *739
 [1] The effect of the quoted provision of the lease amounts to the creation of a perpetuity. "A covenant for a lease to be renewed indefinitely at the option of the lessee, is, in effect, the creation of a perpetuity; it puts it in the power of one party to renew forever, and is therefore against the policy of the law." (Morrison v. Rossignol, 5 Cal. 64, 66.) In Becker v. Submarine Oil Co., 55 Cal.App. 698, 700 [204 P. 245], it is said that a clause in a lease providing for perpetual renewals at the option of the lessee is enforceable when it is clear that the parties intended the lessee to have that right. However, the lease in question in the Becker case was an oil and gas lease and what the court there said must be considered in the light of the fact that such a lease creates a profit a prendre and vests in the lessee an estate in real property. (Gavina v. Smith, 25 Cal.2d 501, 505 [154 P.2d 681]; Callahan v. Martin, 3 Cal.2d 110, 122 ff. [43 P.2d 788, 101 A.L.R. 871].) An assignment by the landowner of an interest in his oil rights without limitation as to time does not violate the rule against perpetuities. (Callahan v. Martin, supra, at p. 124.)
 The Becker case is distinguishable for the further reason that the lease was not for a city lot while the lease in the instant case covers a city lot or a portion thereof and such a lease is invalid if for a period in excess of 99 years. (Civ. Code, 718.) A lease of a city lot, with the right of perpetual renewal, to a corporation whose term of existence is without limitation as to time would manifestly be equivalent to a lease in perpetuity and contrary to the inhibition of section 718. A similar lease to a natural person would be of like effect since the length of the lessee's life would be indeterminable. The court cannot conclude that the lessee in the instant case will not survive for a period exceeding 99 years hence the right to an annual renewal for an unlimited number of years purportedly granted to her by the lease is in violation of section 718. In Hart v. Hart (N.Y.), 22 Barb. 606, a lease for 12 years with a covenant for renewal for 12 years if the lessor should live and for continued renewals for every 12 years during lessor's life, was held valid for the original 12-year term but void as to the covenant for renewals for the reason that it was in contravention of the constitutional inhibition of leases of agricultural land for a period longer than 12 years.
 Reversed with instructions to enter judgment in favor of plaintiffs quieting their title and canceling the lease.
 Moore, P. J., and McComb, J., concurred.