[Civ. No. 14178. First Dist., Div. Two. Jan. 8, 1951.]

C. DUDLEY De VELBISS COMPANY (a Corporation), Appellant, v. R. J. KRAINTZ, as County Building Inspector, etc., Respondent.

Breed, Robinson & Stewart for Appellant.

Francis W. Collins, District Attorney, and Matthew S. Walker, Deputy District Attorney, for Respondent.

DOOLING, J.—The appellant sued for a declaratory judgment. A general demurrer to the complaint was sustained without leave to amend and this appeal was taken from the judgment for the defendant for costs.

Ordinance 385 is Contra Costa County's building ordinance, enacted in 1947. In 1948 it was amended by ordinances 449 and 456. All three were pleaded in full.

Appellant attacks ordinance 385 and particularly section III thereof as amended, in numerous respects and for various reasons, claiming *inter alia* that it fails to intelligibly classify buildings subject to its own regulatory provisions; that there is an intermixture of zone lines, dates of subdivision, character of subdivision, legal method of subdivision, type of operation, and type of property; that it is not only discriminatory in its application but vague and indefinite.

The complaint alleges that plaintiff is a California corporation; that defendant is county building inspector; that plain-

tiff owns a large number of lots in "Strandwood Estates Unit No. 2" and is engaged in constructing a large number of residences on its lots therein. Further, that plaintiff was engaged at the time of the commencement of the action in the construction of a large number of residences upon the lots owned by it; that the construction of some of the homes was commenced subsequent to the passage of ordinance 385 but prior to the amendment thereof by ordinance 449 and that the construction of some commenced after the passage of ordinance 449 but prior to the passage of 456. Further, that "plaintiff plans and intends to commence the construction hereafter of additional homes upon said lots in Strandwood Estates."

The complaint then alleges:

"That said ordinances . . . are written instruments, and that an actual controversy exists between plaintiff and defendant relating to the legal rights and duties of the respective parties, as follows:

"a   Defendant contends that said ordinances are applicable to plaintiff's building operations hereinabove described, and that plaintiff is required to secure permits and submit its dwelling structures to inspection, and to make its dwelling structures conform to the provisions of said ordinances.

"b   Plaintiff contends that each and all of said ordinances are void for the reason that they do not have a uniform operation within the County of Contra Costa, and that no reasonable grounds for the classifications set up in said ordinances and each of them with respect to structures subjected to said ordinances and structures not subjected to said ordinances, and with respect to areas subjected to said ordinances and areas not subjected to said ordinances exist, and for the further reason that said ordinances are vague and indefinite.

"Plaintiff contends and points out the following particulars among others in support of his claim of invalidity:

"The ordinances apply only to structures within certain specified zones, and do not apply to similar structures in the unrestricted and agricultural zones;

"The ordinances do not apply to agricultural, horticultural, viticultural and floricultural or animal husbandry buildings or structures, even though located within the included zones designated as the Transition Residential Agricultural;

"The ordinances do not apply to industrial buildings or structures, but do apply to dwellings located within light industrial and heavy industrial zones;

"Ordinance No. 449 applies to residential subdivisions, but not to non-residential subdivisions, even though dwelling structures may be erected in non-residential subdivisions, and that there is no method of determining from a subdivision map whether the same is residential or non-residential;

"That said ordinance No. 449 applies to residential subdivisions filed after November 2, 1933, but not to similar subdivisions filed prior thereto;

"That ordinance No. 456 applies to records of survey, whether residential or non-residential in character;

"That ordinance No. 456 applies to records of survey filed subsequent to November 2, 1933, but not prior thereto;

"That neither ordinance No. 449 nor 456 apply to residential or other structures outside of the area defined by ordinance No. 385, when the same are constructed on lots for which neither a subdivisions map nor a record of survey is required to be filed by law.

"That the real property of plaintiff upon which it has and proposes to erect residential structures is not included within the area subjected to the application of ordinance No. 385, but is purported to be covered as a residential subdivision by the terms of said ordinance No. 449."

The prayer is "that this court determine that each and all of said ordinances are void, and that plaintiff is not required to comply with the provisions thereof, for costs of suit, and for such other and further relief as may be fit and proper in the premises."

We need not pass on the specific questions of unconstitutionality urged in appellant's brief further than to determine that there are justiciable questions suggested which cannot be definitely determined in the absence of evidence of the actual facts existing in Contra Costa County which may or may not make the classifications of the ordinance under attack reasonable or unreasonable.

The complaint alleges an existing actual controversy as to the ordinances attacked which entitles the plaintiff to declaratory relief. (*Jones* v. *Robertson,* 79 Cal.App.2d 813, 819 [180 P.2d 929].) Where that fact appears the court should not sustain a demurrer to the complaint and dismiss the action. "It is not essential, to entitle a plaintiff to seek declaratory relief, that he should establish his right to a favorable declaration." (*Columbia Pictures Corp.* v. *De-Toth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].)

Even "where the plaintiff is not entitled to a favorable declaration, the court should render a judgment embodying such determination and should not merely dismiss the action." (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062].)

However if it appeared that under no circumstances could plaintiff hope for a favorable declaration the error in sustaining the demurrer without leave to amend might not call for a reversal because of lack of prejudice to the plaintiff. (Cal. Const., art. VI, § 4½.) But here the plaintiff's complaint at least suggests constitutional questions which we cannot certainly say lack merit on the facts actually alleged in the complaint. We need only mention one of them, since the questions of constitutionality should be left to a full development of the facts in the trial court. The ordinance as amended is applicable "to all buildings or structures in the unincorporated territory of Contra Costa County which is included in any residential subdivision filed for record in the office of the Recorder . . . on or after November 2, 1933." (Ordinance No. 449.) Also "to all buildings or structures in the unincorporated territory of Contra Costa County which is included within the boundaries of any record of survey map as defined in the State Map Act and which . . . has been recorded . . . on or after November 2, 1933." (Ordinance No. 456.)

The complaint alleges (par. VIII): "That a large number of record of survey maps, and a large number of maps of subdivisions and of residential subdivisions were filed in the office of the Recorder of the County of Contra Costa prior to November 2, 1933." This suggests the question whether there is any reasonable ground for a classification based upon whether or not the survey map or subdivision map was filed prior to November 2, 1933. Respondent asserts, although the record does not show this fact, that on that date a county ordinance became effective requiring all subdivisions and records of survey recorded thereafter to be approved by the county planning commission and the supervisors, whereas prior to that date anyone could subdivide property as he saw fit. ▆ It is not so readily apparent why the character of buildings constructed on approved subdivisions should be regulated while the character of buildings constructed on unapproved subdivisions is exempted from regulation that we can say as a matter of law without regard to the factual background, which would be developed on a trial, that the classification is necessarily a constitutional one.

Not every classification based upon a chosen date or specified lapse of time is constitutional. ■ The facts in relation to the date or time made the basis of the classification must be such as to support the conclusion that there is a reasonable basis for imposing the regulation upon one class and not upon the other. *(Accounting Corp.* v. *State Bd. of Accountancy,* 34 Cal.2d 186 [208 P.2d 984] ; *Del Mar Canning Co.* v. *Payne,* 29 Cal.2d 380 [175 P.2d 231] ; *Soares* v. *City of Santa Maria,* 38 Cal.App.2d 215 [100 P.2d 1108] ; *In re Fassett,* 21 Cal.App.2d 557 [69 P.2d 865] ; *In re Wacholder,* 1 Cal.App.2d 254 [36 P.2d 705].)

The reasonableness or unreasonableness of the classification cannot definitely be determined from the face of the complaint and this seems equally true of at least some other grounds of possible unconstitutionality alleged in the complaint.

■ Even though the allegations of the complaint might not be sufficiently specific as to some or all of the asserted grounds of illegality it would still be prejudicial error to sustain the demurrer without leave to amend, as was done in this case, since we cannot say that any such defects might not be cured by appropriate amendment. (Code Civ. Proc., § 472c; *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358] ; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867] ; *Fabbro* v. *Dardi & Co.,* 93 Cal.App.2d 247, 253 [209 P.2d 91] ; *King* v. *Mortimer,* 83 Cal.App.2d 153, 158 [188 P.2d 502].)

Judgment reversed, with directions to permit the filing of an amended complaint if plaintiff so requests.

Nourse, P. J., and Goodell, J., concurred.