[Civ. No. 8109. Third Dist. Oct. 3, 1952.]

FRANK CORUCCINI et al., Appellants, v. CHARLES F. LAMBERT, Respondent.

James E. Lyons and Charles W. Burkett, Jr., for Appellants.

Clyde H. Larimer, Charles H. Frost, Jr., and Devlin, Diepenbrock & Wulff for Respondent.

PEEK, J.—This is an appeal by plaintiffs from a judgment of dismissal following plaintiffs' failure to amend pursuant to the order of the trial court sustaining defendant's general demurrer.

The complaint is in five counts: (1) For declaratory judgment as to the rights and obligations of the parties under the lease for the pasturage of cattle, and to have the same declared void; (2) to quiet title to the premises; (3) and (4) for reasonable rental value for said premises, and (5) for unlawful detainer and damages therefor. To each of these counts the defendant demurred generally. Only the first count is considered by the parties as material upon this appeal.

The complaint in this count alleges plaintiffs are the owners of 587 acres of land in Colusa County; that the defendant occupies and claims the right to occupy said property for "agricultural purposes, to-wit, for the pasturage of beef cattle," under a lease from plaintiffs' predecessor; "That said purported lease contains a provision granting to the lessee, defendant herein, the right to maintain said lease at a reserved rental as therein provided, for a term of fifteen (15) years 'and for additional terms of one year each,' provided only that, before October 1, of the year preceding the new term, lessee advises the lessor of his intention so to maintain said lease in full force and effect for 'an additional term of one year.' That an indefinite extension of said 15-year term, at the option of lessee is contemplated and provided for in said instrument, which was drawn up by the said defendant. That a bona fide and actual controversy has arisen between plaintiffs and defendant with respect to the rights and duties of the respective parties under the said purported lease, Exhibit A hereof, in this: Plaintiffs contend and allege that the said lease is invalid in its entirety and contrary to provisions of section 717 of the Civil Code; and they further contend that they are entitled to immediate and exclusive possession of said land; whereas defendant herein claims that the said purported lease constitutes a legal and binding contract entitling him to occupy said property for pasturage of beef cattle, except during periods when it is

lawful to shoot and take migratory water fowl thereon, for as long as he shall choose to do so, that is to say, for longer term than fifteen (15) years from and after October 1, 1945.''

The trial court in its memorandum opinion concluded the option ''was severable from the lease proper, was not an inducing cause for making the lease, and its invalidity could not affect the validity of the lease for its full term.'' Concerning the allegations that there exists an actual controversy the court stated it did not see how there could be such in view of the fact that the lease, as the court interpreted it, had 10 years more to run before the option provision could be exercised. This, the court thought, made the controversy an anticipated one, speculative and remote, rather than an actual present controversy. The court also stated that another reason to sustain the demurrer was that ''both plaintiffs' precedessor and defendant voluntarily executed the lease and option, and if fault there be in its provisions both are equally responsible, and in such event both parties may be without relief.''

Appellants first contend the complaint states a cause of action under section 1060 of the Code of Civil Procedure, and for that reason the judgment entered following appellants' failure to amend their pleading within the time prescribed by the order sustaining respondent's general demurrer must be reversed.

The general rule is well established that ''A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court.'' (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062].) See, also, *Photochart* v. *Del Riccio*, 94 Cal.App.2d 315, 319 [210 P.2d 547]; *Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].

It is true, as respondent contends, that the court under section 1061 of the Code of Civil Procedure, may refuse relief by sustaining a general demurrer to a complaint, if in its discretion it appears the determination is not necessary and proper at the time and under all the circumstances.

However; the provisions of said section do ''not apply where, upon the facts stated, the plaintiff is entitled to some relief in connection with the matter which occasioned the

controversy." (*Lord* v. *Garland,* 27 Cal.2d 840, 852 [168 P.2d 5].) See, also, *Zimmer* v. *Gorelnik,* 42 Cal.App.2d 440, 448 [109 P.2d 34]. ▮ Thus a plaintiff may be entitled to have the court render its declaratory judgment even though such declaratory judgment be unfavorable to him. (*C. Dudley DeVelbiss Co.* v. *Kraintz,* 101 Cal.App.2d 612, 615 [225 P.2d 969] ; *Maguire* v. *Hibernia S. & L. Soc., supra*) and in such situation the court should not dispose of the case on demurrer.

It is readily apparent from the allegations of plaintiffs' complaint (the truth of which are admitted by defendant's demurrer) that three possible conclusions are posed, i.e. if the lease is totally invalid, as they claim, they would be entitled to possession of the property, defendant would have no interest therein, and they could deal with the property as they desired. If the lease be valid only for a 15-year period, as indicated by the trial court, they could plan to utilize the property or sell it at the expiration of that period. If the lease may be renewed from year to year after expiration of the 15-year period, plaintiffs must await defendant's action each year before deciding their course of action.

▮ As stated in Anderson Declaratory Judgments, at page 275, "A declaratory complaint will not be dismissed because the court disagrees with the construction of the contract involved, contended for by the plaintiff." ▮ This is true because the purpose of the declaratory judgment as stated in the Maguire case at page 729, is " 'to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation.' " Thus it was held in the case last cited that "To hold that a plaintiff on the wrong side of a controversy is not entitled to the security and relief against uncertainty which a declaratory judgment affords would require us to read into the statute a limitation not there present."

As indicated above, the trial court in its opinion stated it considered the lease valid for a 15-year term. Respondent, apparently basing his next argument upon this premise, states that such being the case the sustaining of the demurrer to the last four counts was proper and "since the last four counts or causes of action covered all remedies that the plaintiffs were entitled to (if correct in their contentions), there remains no legal field or object concerning which a declaratory judgment could be granted." In clarification of the argument, respondent states that no appeal being taken from the ruling sustaining the demurrer to the last four counts, and since they embrace all of the affirmative relief to which

appellants could have been entitled, necessarily therefore, appellants have waived their objection to the ruling on the declaratory judgment count, relying on *Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824 [172 P.2d 501].

Section 1060 of the Code of Civil Procedure is a direct answer to such contention. That section states: "the court may make a binding declaration of such rights or duties, *whether or not further relief is or could be claimed at the time.*" (Emphasis added.) Nor does the Ephraim case sustain respondent's position. In that case the declaratory relief would not lie, not because demurrers were sustained to the counts asking affirmative relief but because, as the court there said, "since no present legal controversy exists, a cause of action for declaratory relief is not stated." In the present case a legal controversy is stated, and since, under section 1060 of the Code of Civil Procedure, it is not necessary for any further relief to be claimed, or possible, the sustaining of demurrers to the last four counts which were for present affirmative relief, is not determinative of appellants' rights on appeal from the judgment entered against them on the declaratory relief count.

Respondent next contends, relying upon *Moss* v. *Moss*, 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422], that even if the lease be invalid in its entirety, the appellants are in pari delicto in its creation and the trial court properly refused relief. That case merely held "that a trial court does not commit reversible error when in ruling on a demurrer it exercises its discretion to refuse declaratory relief to a party of equal fault to an illegal transaction. It does not hold that the fact that a plaintiff is not entitled to a favorable declaration is a proper basis for the exercise of the trial court's discretion under section 1061 of the Code of Civil Procedure." (*Maguire* v. *Hibernia S. & L. Soc.*, at page 730.)

Furthermore such an argument brings into focus the obvious answer thereto; that is, if such a contention be well founded then particular land titles might never be merchantable if one could cloud the same by instruments which violate the law against perpetuities. (See *Epstein* v. *Zahloute*, 99 Cal.App.2d 738 [222 P.2d 318].)

In further support of the judgment respondent contends that plaintiffs' action was barred by section 343 of the Code of Civil Procedure. The rule is too well established to warrant citation that not only is a defendant precluded from raising the defense of the statute for the first time on

appeal (16 Cal.Jur. 638), but since the statute is a personal privilege to be asserted or waived at the option of the one entitled to assert it, the statute must be affirmatively pleaded either by demurrer or answer, or its benefits are waived. (16 Cal.Jur. 603.)

Respondent lastly contends the purported controversy constitutes a mere conjecture or supposition on plaintiffs' part that at some time in the future a controversy may arise. Again, respondent bases his argument on the assumption that the lease is valid for a 15-year term. From this basis he then argues that since the lease has 10 years to run before the option may be exercised and since at this time it cannot be told whether he will choose to exercise the option, any question as to actual or legal controversy between the parties is speculative and remote.

Also under this head respondent contends the allegations of the complaint are insufficient to show an actual controversy. What we have heretofore said in our previous discussion is likewise applicable to this argument and hence no further discussion is necessary.

 Lastly, it may be said that where a ''trial court may exercise its discretion to deny relief in such an action by sustaining a demurrer without the right to amend, it must appear directly or indirectly that such discretion was in fact exercised. . . . While a trial judge may deny relief in his discretion, it cannot be inferred that such discretion has been exercised where the trial judge, by opinion, fully discloses that he did not exercise any discretion, but decided the case on its merits.'' (*Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 723 [247 P.2d 362].)

The judgment is reversed.

Van Dyke, J., and Schottky, J. pro tem., concurred.