[Civ. No. 6624. Fourth Dist. Jan. 19, 1961.]

ARTHUR SHIVELL, Appellant, v. MUNICIPAL COURT FOR THE SANTA ANA-ORANGE JUDICIAL DISTRICT, Respondent.

Arthur Shivell, in pro. per., for Appellant.

Stephen K. Tamura, County Counsel, and Angelo J. Palmieri, Assistant County Counsel, for Respondent.

GRIFFIN, P. J.—On February 5, 1960, a criminal complaint was filed in the Municipal Court of Santa Ana-Orange Judicial District, charging appellant with three counts of violating the Vehicle Code. Count 1 charged him with speeding, a violation of Vehicle Code, section 22408, reading: "Whenever a passenger vehicle regardless of weight or commercial motor vehicle weighing less than 4,000 pounds is drawing any vehicle the maximum speed shall not at any time exceed 45 miles per hour subject to other and more restrictive limits set forth in this code."

Counts 2 and 3 were subsequently dismissed. Appellant's demurrer to count 1 raised the question of the jurisdiction of the court, claiming the section was unconstitutional. Trial on that count was set for hearing. Appellant subsequently secured an alternative writ of prohibition from the superior court, ordering the municipal court to show cause why it should not be restrained from proceeding. The petition challenged the constitutionality of Vehicle Code, section 22408. After hearing, the petition for the writ was denied. Several motions were thereafter made, as well as a motion for a new trial, which were denied. Appellant, on his appeal, reargues the question of the constitutionality of this section when considered in connection with Vehicle Code, section 22406, which provides:

"Any motor truck or truck tractor having three or four axles or any motor truck or truck tractor with any trailer or semitrailer, or any combination thereof, shall not be driven on any highway at a speed in excess of 45 miles per hour *except that a maximum speed limit of 50 miles per hour shall apply to such vehicles on highways of four or more lanes.*" (Emphasis ours.)

It is claimed that the classifications attempted to be established in both of these sections of the Vehicle Code are not founded upon reasonable, natural, intrinsic and substantial differences between the vehicles described therein and considerations involved in the sections constituting the basic speed law

and the declaration of intent of the Legislature, as set forth in Vehicle Code, sections 22350 and 22358.5. (Citing such authority as *Fox Bakersfield Theatre Corp.* v. *City of Bakersfield,* 36 Cal.2d 136 [222 P.2d 879] ; *Accounting Corp.* v. *State Board of Accountancy,* 34 Cal.2d 186 [208 P.2d 984] ; *Kelly* v. *City of San Diego,* 63 Cal.App.2d 638 [147 P.2d 127] ; *People* v. *Sullivan,* 60 Cal.App.2d 539 [141 P.2d 230] ; *Ex parte Richardson,* 170 Cal. 68 [148 P. 213].)

In this respect, it is also argued that Vehicle Code, section 22406, *supra,* permits a higher speed to the most heavily loaded vehicles on the road, so long as the drawing vehicle weighs 4,000 pounds, in a combination consisting, for example, of a truck tractor, semitrailer and trailer, wherein the truck tractor weighed only 4,000 pounds and the two trailers, together, loaded, have a gross weight of 72,000 pounds. Yet section 22408 classifies a vehicle of 3,975 pounds as unsafe at the same speeds when drawing a trailer and load which, combined, weigh less than 1,000 pounds. The claim is that this is unreasonable on its face and an unjust classification, and that if there is any relationship between the weight of the drawing vehicle and safety, then the drawing vehicle which outweighs the load that it is drawing is certainly safer and less likely to be whipped about by its load than the combinations of vehicles permitted to move at higher speeds, under section 22406 ; that the classifications based solely on weight of the drawing vehicle, and upon the arbitrary classification ''passenger vehicle'' are arbitrary, unreasonable and objectionable in the constitutional sense. It is then argued that this section in question provides for an ''absolute'' speed limit based upon arbitrary classifications of a vehicle, without regard to whether or not the speed may be, in fact, safe, reasonable and prudent. Appellant points out that Vehicle Code, section 22358, and other related sections do provide for reduction in speed limits based on some finding determining what shall constitute safe and reasonable conditions, and in this connection it is maintained that the definition of a passenger vehicle, as contained in Vehicle Code, section 465, is not sufficient classification to satisfy the constitutional requirements as to classification so as to authorize a different restriction of speed limit from motor trucks or truck tractors mentioned in Vehicle Code, section 22406.

We must approach the determination of these questions under time-honored rules that within its constitutional limits the legislative power is absolute. ▆▆ It is the duty of the

courts only to pass upon the validity of legislation, tested by the applicable provisions of the Constitution. (*People* ex rel. *Smith* v. *Judge of Twelfth District*, 17 Cal. 547.) ██ Legislation will not be held unconstitutional unless clearly in violation of the fundamental law. (*Reclamation Board* v. *Chambers*, 46 Cal.App. 476 [189 P. 479].) ██ Where the power to legislate exists, the courts are not concerned with the wisdom or expediency of a law enacted pursuant to that power. (*Lelande* v. *Lowery*, 26 Cal.2d 224 [157 P.2d 639, 175 A.L.R. 1109].) ██ No legislative act may be nullified because, in the opinion of the court, it was or might have been the result of improper considerations. (*People* v. *Tanner*, 3 Cal.2d 279 [44 P.2d 324].) ██ All presumptions are in favor of the constitutionality of statutes. ██ Before the Judiciary can declare that an act is in conflict with the Constitution, such conflict must be clear, positive, abrupt and unquestionable. (*Hart* v. *City of Beverly Hills*, 11 Cal.2d 343 [79 P.2d 1080].) ██ The equal protection clause does not prevent reasonable discrimination. So long as there are factual differences between classes of persons or things, reasonably connected with a legislative objective, a law can discriminate between classes, provided that the classification is founded upon natural, intrinsic distinctions (*Ray* v. *Parker*, 15 Cal.2d 275 [101 P.2d 665]), and so long as the person or class of persons are not denied the same protection of the laws that are enjoyed by other persons or other classes in the same place and under like circumstances the equal protection clause is not violated. (*Watson* v. *Division of Motor Vehicles*, 212 Cal. 279 [298 P. 481].) ██ The circumstances of a person driving a passenger vehicle or a commercial motor vehicle with a trailer attached are substantially different from the circumstances of a person driving a truck or truck tractor with a trailer attached. It is, therefore, not unreasonable for the Legislature to enact laws which place different speed limits upon vehicles pulling trailers if the speed limits are based upon the vehicle being driven and the nature of the highway being driven upon. Vehicle Code, section 22406, permits a truck with a trailer to be driven at a maximum speed of 50 miles per hour when such a vehicle is driven on a highway having four or more lanes. Section 22408 limits to 45 miles per hour passenger vehicles and commercial vehicles under 4,000 pounds when such vehicles are pulling a trailer, regardless of the number of lanes in the highway being traveled upon. There

is no inherent unconstitutionality in section 22408 because of the difference in the operation of the two vehicles. The Legislature is presumed to have taken evidence to determine the necessity for a distinction between the speed limits as applied to the different circumstances to which the two sections would be applicable. The courts will not receive evidence to establish facts that would tend to impeach and overthrow the action of the Legislature. (*Galeener* v. *Honeycutt,* 173 Cal. 100 [159 P. 595].) In the exercise of the police power, a broad discretion is necessarily vested in the Legislature to determine not only what the interests of the public require, but also what measures are necessary for the protection of such interests. (*In re Porterfield,* 28 Cal.2d 91 [168 P.2d 706, 167 A.L.R. 675].) A citizen has no natural and unrestrained right to drive a motor vehicle. His right to drive is a privilege granted to him by the state and the state, through the Legislature, has the power to regulate travel over the highways. The Judiciary passed upon this point in *Watson* v. *Division of Motor Vehicles, supra,* 212 Cal. 279, 283, when it said:

''The legislative power to regulate travel over the highways and thoroughfares of the state for the general welfare is extensive. It may be exercised in any reasonable manner to conserve the safety of travelers and pedestrians. Since motor vehicles are instruments of potential danger, their registration and the licensing of their operators have been required almost from their first appearance. The right to operate them in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety and welfare.'' (Citing *Hendrick* v. *Maryland,* 235 U.S. 610, 622 [35 S.Ct. 140, 59 L.Ed. 385].)

Viewed in this light, the trial court was authorized to hold that the sections here involved were not unconstitutional and to deny the writ.

Appellant attempts to present other arguments in relation to the right of courts to grant such writs and as to claimed informalities of the trial judge in considering the questions presented. Suffice to say, the right of a court to grant such writs is not the issue here presented, and the record does not show any informalities in respect to the hearing which operated to the prejudice of appellant. The order denying a reconsideration of the previous order and denying a new trial was

authorized. (*McPhecters* v. *Board of Medical Examiners,* 82 Cal.App.2d 709 [187 P.2d 116] ; *Jackson School Dist.* v. *Culbert,* 134 Cal. 508 [66 P. 741].)

Order denying writ of prohibition affirmed.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 17, 1961.